SIMEON BABCOCK AND MICHAEL ENGLEMAN v. THE TOWN-
SHIP OF BEAVER CREEK.

*Taxes—Enforcement of collection from person not assessed or owning
lands—Evidence—Payment under protest—Findings of court.*

1. Defendant's treasurer seized personal property belonging to plaint-
iffs to satisfy taxes levied upon real estate not owned by nor
listed to them on his tax roll, which they paid under a *verbal*
protest, to secure the release of their property, and brought suit
against the township to recover the money so paid, prior to
which action the treasurer had paid over to the county treasurer
the State and county taxes so collected.   On this state of facts
the Court held :

   *a*—That said payment was an involuntary one, made after
plaintiffs' property had been put in jeopardy.

   *b*—That the proceeding on the part of the treasurer was not an
attempt to collect an illegal tax assessed against plaintiffs' prop-
erty, or against them personally, nor did his warrant direct or
authorize him to demand the money paid of plaintiffs, nor require
him to enforce collection against them.

   *c*—That the taxes demanded were not assessed to plaintiffs,
nor against their property, and they had no occasion to appear
before the town board in re ation thereto, nor to deliver to the
treasurer the statutory protest provided for by section 42 of the
tax law of 1882 at time of making such payment.

   *d*—That defendant, by its officers, coerced the payment of the
money sued for, without any claim against plaintiffs or their
land, and without even color of authority to take plaintiffs'
money ; and that the fact of the payment to the county treas-
urer of the State and county taxes thus collected is immaterial
to the issue.

   *e*—Section 42 of the tax law of 1882, *providing for bringing*
suit within 30 days after payment of tax under protest, does not
apply to this case.

   *f*—Defendant stands in no more favorable position than if it
had received plaintiffs' money under a threat to take or sell their
property under pretense of legal authority so to do, without any
assessment roll or warrant whatever.

2. A circuit judge is not required to respond to every special request
to find propositions of law or fact, so long as such refusal does
not prejudice the party proposing same.

3. In a suit to recover money paid by plaintiffs to secure the release
of their property from seizure by a township treasurer to satisfy
taxes levied on real estate not owned by nor listed to them, one
of the plaintiffs was allowed to testify as to what lands plaintiffs

owned in the township in the year in which the taxes were assessed.

*Held*, that the object was not to establish title to lands, but rather to show non-ownership in plaintiffs of the lands in question, and thus ascertain their legal duty in regard thereto, and that the testimony was competent.

Error to Crawford. (Tuttle, J.) Argued January 13, 1887. Decided April 21, 1887.

Assumpsit. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Hatch & Cooley*, for appellant.

*Main J. Connine*, for plaintiffs.

SHERWOOD, J. The plaintiffs bring assumpsit to recover of the defendant for taxes paid by them under protest, as illegal.

The cause was tried in the Crawford circuit without a jury, and the circuit judge made the following findings upon the facts and law, viz. :

"1. The plaintiffs are and were partners, doing a general mercantile and lumber business, at Manistee, Michigan, under the firm name of S. Babcock & Co., and owned pine lands in various parts of the State.

"That in 1883 and 1884 they owned in the defendant township the following described lands: The N. W. ¼ and N. ½ of S. E. ¼ of sec. 4; N. E. ¼ of N. W. ¼, and N. W. ¼ of N. E. ¼, of sec. 10; S. W. ¼ of sec. 30; and W. ½ of S. W. ¼ of section 32. These lands were assessed in Beaver Creek township for the tax of 1884, but few of them were listed to the plaintiffs; most of them being listed to other parties, or as unknown.

"On the fifth day of January, 1885, the defendant's treasurer, having the tax roll in his possession, during the life of his warrant made written demand of the plaintiffs, at Manistee, to pay the tax on the following described lands, viz. : The N. W. ¼ and the S. E. ¼ of sec. 4; E. ½ of N. W. ¼, and W. ½ of N. E. ¼, of sec. 10. The taxes on these lands, with fees, amounted to one hundred and fifty-one dollars and ninety-seven cents.

"On the twenty-sixth day of February, 1885, still having the roll in his possession, and during the life of his warrant, said township treasurer seized and advertised for sale four horses belonging to the plaintiffs, to enforce payment of the tax on plaintiffs' lands.

" On telegraphic instructions, Salling, Hanson & Co., of Grayling, gave their personal pledge to said treasurer for the taxes of plaintiffs, in order to get the teams released.

" On the second day of March, 1885, these parties paid to defendant's treasurer the tax he then demanded.   He then claimed to have seized the horses for the taxes upon the following descriptions of land: The N. W. ¼ of the N. W. ¼ of sec. 2; S. ½, S. W. ¼ of N. E. ¼, N. W. ¼ of N. E. ¼, and N. E. ¼ of N. W. ¼, of sec. 10; N. ½ of N. W. ¼ of sec. 14; N. W. ¼, N. ½ of S. E. ¼. and S. ½ of S. E. ¼, of sec. 4.   The taxes on these lands, with fees, amounted to three hundred and thirty dollars and seventy-four cents.   None of the lands were listed to plaintiffs on the tax-roll, but were all listed to other parties, or as unknown.   When Salling, Hanson & Co. ascertained the amount of lands covered by the tax defendant's treasurer was seeking to enforce against plaintiffs, they paid the tax, under a verbal protest, on these lands on which taxes were then paid.

"I find there were fifteen forties which plaintiffs never owned or occupied, or had any interest in, and fifteen forties the taxes on which had never been demanded of plaintiffs, the taxes on which last amounted to one hundred and seventy dollars and ten cents.   The charges paid by the plaintiffs, expenses of levying on teams, was $7.25.

"2. On the eleventh day of April, 1885, plaintiffs began this suit to recover the amount of taxes that they paid on the lands they did not own.   That the amount of taxes and charges which they had paid on the lands they did not own was two hundred and twenty-three dollars and sixty-four cents.   Before this action was brought the said township treasurer had paid over to the county treasurer of the county of Crawford, of said taxes, the sum of sixty-eight and 74–100 dollars, being that portion of said taxes which was collected for State and county purposes.

" The conclusions of law I find upon these facts are as follows:

"1. The assumed law by virtue of which this tax was levied viz., the tax law of 1882, and attempted to be enforced, is unconstitutional and void; that plaintiffs were enforced, by duress of goods, to pay the taxes, and, in default of that,

their property has been taken without due process of law.

"2. That the plaintiffs are entitled to judgment in the sum of $223.64, and costs to be taxed."

Judgment was entered accordingly. The township brings error.

The learned counsel for the appellant make four points for our consideration.

*First.* When the plaintiff Babcock was upon the stand he was interrogated as to what lands the plaintiffs owned in the township where the tax was collected; and for that purpose he was asked the following question: " What lands did the plaintiffs own in the township of Beaver Creek in the year 1884?" And the witness was permitted to answer the question, against defendant's objection that it was incompetent, not the best evidence, and that title can only be proved by production of the deeds. In this case the plaintiffs were not seeking to establish their title to lands, but rather to show what they did not own. Their purpose was only to identify certain descriptions of land with those contained upon the tax roll of that year, to ascertain the legal duty of the plaintiffs in regard thereto. The objection was properly overruled.

The defendant's *second* point is the refusal of the court to find as requested. Counsel for defendant presented seven of these requests. The last five only will be considered here. They are as follows:

" 3. That if the plaintiffs paid the tax to the said township treasurer because of the seizure of their property, when he had no right so to seize the same, such payment was voluntary, and plaintiffs cannot recover the same back in this action.

" 4. That money paid on a tax, when the property of the person paying the same is not placed in jeopardy, and when there is no right to enforce payment by process, is a voluntary payment, and the moneys so paid cannot be recovered.

" 5. That, in order to maintain the action for the recovery of the said money upon the ground of any imperfection in said tax, the said plaintiffs should have presented to the town-

ship treasurer, at the time of paying the same, a protest in writing, specifying their grounds of objection, and that, not having done so, they are now precluded from claiming that the said tax was invalid, and that any payment thereof made by them, under such circumstances, was voluntary, and therefore they cannot recover the same back in this action.

" 6. That in no event can there be any recovery against the township for the county or State taxes paid by the plaintiffs to the township treasurer, because he had paid over said county and State taxes to the county before the bringing of this action.

" 7. That, this action not having been brought within thirty days from the time of paying said taxes, the plaintiffs cannot recover therefor, but are barred from recovery by the statute in such case made and provided."

The facts assumed in the third request clearly show that, when the plaintiffs paid the moneys sued for, it was not a voluntary payment. It was done under protest, and not until the plaintiffs' property had been placed in jeopardy; and that is all that need be said in regard to the third request.

The fourth request is not applicable to this case. This proceeding on the part of the collector was not an attempt to collect an illegal tax assessed against the property of the plaintiffs, or against them personally. Neither did the warrant of the collector direct or authorize him to demand the money paid of the plaintiffs, nor require him to enforce collection against plaintiffs. Said finding was therefore properly rejected.

In regard to the fifth request, it only need be said that the plaintiffs do not complain of any imperfection in the tax which plaintiffs were compelled to pay. The tax was not against the plaintiffs, or their property, and they had no right or occasion to appear before the town board in relation thereto, and there was no occasion for making the finding requested.

The rule contended for in the sixth request cannot be sustained in this case. There are no facts to warrant its application. Under the pretense of authority, and that these plaintiffs owned the property assessed, the township, by its officers, has coerced the payment of the money sued for, whereas the defendant had no such pretended claim against the plaintiffs' land, or against the plaintiffs, and no authority, or even color of authority, to take the plaintiffs' money, and this request was properly rejected.

The seventh and last request was certainly not proper. This statute has no application to cases where the money paid is not upon any assessment made against the plaintiff, or upon his property.

We think the findings in this case were sufficient, under the rule. It is not necessary to respond to every special request to find propositions, either of law or facts, so long as the refusal does not prejudice; and neither party is prejudiced in this case by any failure on the part of the court in this respect. We know of no statute of this State which was in force, in existence in 1884, which would authorize the taking or sale of one man's property to pay the taxes of another. It is therefore unnecessary to discuss the constitutionality of the provisions of the tax law of 1882 sought to be applied to this case. The township stands in no more favorable position in this case than it would had it received the money of plaintiffs under a threat to take and sell the plaintiff's property under pretense of legal authority so to do, without any assessment roll or warrant whatever. This disposes of the defendant's *third* point.

The *fourth* point relied upon is that the finding of facts is insufficient to support the judgment. In the view we have taken of the case, this position is not tenable, and cannot be maintained.

There is neither reason nor authority to support the course

taken by the treasurer in this case, and the decision of the circuit judge was right, and must be affirmed.

CAMPBELL, C. J., and CHAMPLIN, J., concurred.    MORSE, J., did not sit.